UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Marcus Albinus Joseph, | ) | C/A No. 8:26-cv-00693-RMG-WSB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden T. Wallace, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Marcus Albinus Joseph ("Petitioner"), proceeding *pro se* and *in form pauperis*, brings this action seeking a writ of habeas corpus.[1]  Petitioner is a prisoner in the custody of the South Carolina Department of Corrections ("SCDC") and is presently incarcerated at the Kirkland Correctional Institution.  Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such petitions for relief and submit findings and recommendations to the district judge.  For the reasons below, this action is subject to summary dismissal.

**BACKGROUND**

Petitioner commenced this action by filing a petition for writ of habeas corpus on the standard form pursuant to 28 U.S.C. § 2241 (the "Petition"), ECF No. 1, as well as various documents from certain state court proceedings relevant to the Petition, ECF No. 1-1.[2]  Petitioner

---

[1] Petitioner commenced this action purportedly under 28 U.S.C. § 2241.  However, as discussed below, the action is properly construed as seeking relief under § 2254 rather than § 2241.

[2] The Court takes judicial notice of Petitioner's state court actions including the original criminal proceedings, his applications for post-conviction relief, and his appeals from those actions, as well as his prior actions filed in this Court and in the United States Court of Appeals for the Fourth Circuit. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial*

asserts that he "is being held without orders."[3]  ECF No. 1 at 1.  Petitioner checked the boxes on the standard form Petition for "Being held on an immigration charge" and "Immigration detention."  *Id*. at 1–2.  Petitioner does not, however, provide any information regarding purported immigration proceedings.   Petitioner asserts the following ground in his Petition, quoted substantially verbatim:

> **GROUND ONE**:   I am being confined on the basis of fraud and perjured testimony by arrest warrant and indictment that is not certified authentic to support of my conviction.
>
> *Supporting Facts*:   The affiants and state prosecution knowingly used false statement of material facts to obtain indictment.  However, this document was not endorsed by a legally qualified grand jury and they was [sic] not certified authentic to support deportation.  . . .

*Id*. at 6.  Attached to the Petition are additional pages containing hand-written arguments related to this claim.  ECF No. 1-1 at 3–6.  Petitioner asserts he is being confined on the basis of fraud and perjured testimony because "the Respondents have falsely asserted jurisdiction in that a Magistrate does not have jurisdiction in cases of murder."  *Id*. at 3.  Petitioner contends the perjured testimony is that "the Respondents claim that I did this crime and that I gave them a full written statement."  *Id*.  Petitioner argues he did not commit the crime and did not give a full written statement.  *Id*.  Petitioner states he is being confined pursuant to a detainer from Immigration and Customs

---

*Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[3] This Court previously noted that Petitioner is serving a life sentence for murder after pleading guilty to charges of murder and grand larceny on June 7, 1988, in the Clarendon County Court of General Sessions.  *See Joseph v. S.C. Sup. Ct.*, C/A No. 8:12-cv-2014-JFA-JDA, 2013 WL 4049004, at *1 (D.S.C. Aug. 9, 2013).  Plaintiff was successful in vacating his conviction for grand larceny, but his conviction for murder was affirmed.  *Id.*

Enforcement based on "invalid documents" including the underlying warrant, warrant affidavit, and indictment (which Petitioner attached). *Id*. Petitioner makes other similar allegations. *Id*. at 3–6. For his relief, Petitioner seeks his release from incarceration. *Id*. at 6.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012). Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Because Petitioner is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

3

## DISCUSSION

Petitioner challenges the validity of his state court conviction and sentence, and he seeks habeas relief under 28 U.S.C. § 2241. However, the Petition filed in this case should be construed as an action filed pursuant to § 2254 and dismissed as successive.

**The Petition should be construed as filed pursuant to § 2254**

As an initial matter, this action should be construed as filed pursuant to § 2254 rather than § 2241. Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Two statutes potentially provide Petitioner an avenue for federal habeas relief—28 U.S.C. § 2241 and 28 U.S.C. § 2254. Under § 2241, a federal court may issue a writ of habeas corpus to a state prisoner if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). Similarly, under § 2254, a federal court may issue a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, both § 2241 and § 2254 appear to provide this Court with jurisdiction to consider Petitioner's federal habeas Petition.

However, although circuit courts are split on whether § 2241 or § 2254 is the proper statute under which a state inmate should proceed when challenging the execution of his state sentence, "[t]he majority view is that § 2254 is the *exclusive* vehicle for habeas corpus relief by a state prisoner in custody pursuant to a state court judgment . . . The Fourth Circuit noted the split of authority in *Gregory v. Coleman*, [218 F. App'x 266 (4th Cir. 2007)], but does not appear to have taken a definitive stance to date." *Cranford v. Warden, Manning Corr. Inst.*, C/A No. 6:12-cv-00590-JMC-KFM, 2012 WL 5986771, at *1 (D.S.C. Mar. 21, 2012), *R&R adopted by* 2012 WL

5986744 (D.S.C. Nov. 29, 2012) (emphasis added) (citations omitted); *see also Hao Qing Zhan v. Wilson*, C/A No. 8:12-cv-03052-RBH, 2013 WL 4500055, at *5 (D.S.C. Aug. 19, 2013) (collecting cases). Indeed, in this District, "[i]t has been specifically held that prisoners who are in custody under a state court judgment, like Petitioner here, may not resort to § 2241 in an attempt to circumvent the procedural requirements of § 2254 such as the statute of limitations and the restrictions on second or successive petitions."[4] *Alston v. Warden, Lieber Corr. Inst.*, C/A No. 6:07-cv-2724-RBH, 2008 WL 5115044, at *3 (D.S.C. Dec. 4, 2008); *see also Harley v. South Carolina*, C/A No. 9:07-cv-1750-DCN-GCK, 2007 WL 2579444, at *2 (D.S.C. Sept. 4, 2007) (Petitioner "cannot evade the procedural requirements of 28 U.S.C. § 2254 by filing an action purporting to be a § 2241 petition.").

As noted, Petitioner makes vague references in the Petition to immigration detention. ECF Nos. 1 at 1–2; 1-1 at 3–4. Petitioner has not, however, provided any allegations or documentation showing that he is being held on an immigration detainer, is involved in any immigration proceedings, or is subjected to deportation. Indeed, it appears that Petitioner references immigration merely as an attempt to file an action under § 2241 in an effort to bypass the successive bar under AEDPA. The arguments in the Petition have nothing to do with immigration and are instead challenges to Petitioner's underlying conviction and sentence on reasons he previously advanced in his prior cases. Thus, Petitioner's reliance on any immigration references are without merit and this action should be construed as asserting claims under § 2254.

Accordingly, "[b]ecause Petitioner is in custody pursuant to a state court judgment and seeks to overturn or challenge his state court conviction, his habeas corpus petition [is] properly

---

[4] Petitioner, in a prior case, has been notified of this rule. *See Joseph v. Wallace*, C/A No. 8:22-cv-3282-RMG-JDA, 2022 WL 16639354, at *3 (D.S.C. Oct. 5, 2022), *R&R adopted by* 2022 WL 16638342 (D.S.C. Nov. 2, 2022).

construed as a § 2254 petition." *Sabb v. South Carolina*, C/A No. 9:06-cv-1943-RBH, 2008 WL 701387, at *2 (D.S.C. Mar. 13, 2008) (collecting cases). As a result, the Petition is governed by AEDPA and is subject to dismissal as an unauthorized successive petition.

**The Petition is successive**

Although § 2254 is the appropriate vehicle for Petitioner to challenge his state conviction and sentence, relief under the statute is unavailable to Petitioner because the instant action is an unauthorized successive petition. Petitioner is a "frequent filer" who has filed approximately twenty-four cases in this Court,[5] and this is at least the seventh habeas action submitted to this Court in an effort to challenge his state court criminal conviction and sentence. Petitioner filed a habeas action pursuant to § 2254 at case number 3:93-cv-2602, and this Court dismissed that action on June 9, 1994, granting summary judgment to the Respondent. *See Joseph v. Evatt*, C/A No. 3:93-cv-2602-JFA (D.S.C. Jun. 9, 1994), ECF No. 14 (adopting the Report and Recommendation at ECF No. 12). Thereafter, Petitioner filed habeas actions pursuant to § 2254 at case numbers 2:99-cv-3224, 2:02-cv-3908, 8:14-cv-4100, 8:22-cv-3282 (construing Plaintiff's § 2241 form petition as a petition under § 2254), and 8:24-cv-7151. This Court dismissed each of those actions as unauthorized successive petitions.[6]

---

[5] *See* case numbers 92-2198, 92-3268, 93-2602, 93-2604, 95-1860, 95-2457, 95-3516, 95-4084, 96-0924, 97-1939, 99-0566, 99-1175, 99-3224, 99-3302, 02-3908, 04-2230, 12-2014, 14-4100, 14-4720, 15-0412, 20-3332, 22-3282, 24-7151.

[6] In one recent case, the Honorable Richard M. Gergel noted as follows:

> Construing Petitioner's petition as a § 2254 petition, the Magistrate Judge correctly determined that Petitioner's petition is an unauthorized successive petition. The instant petition is successive because Petitioner seeks a writ of habeas corpus based on the same convictions that were addressed in *Joseph v. Evatt*, 3:93-cv-2602-JFA (D.S.C. August 31, 1993). This court has also dismissed as successive three other petitions filed by Petitioner. *Joseph v. South*

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2254 and other habeas statutes.  As the Fourth Circuit has noted,

> [t]he AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts.  Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief.  Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

*In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted) (citing *Felker v. Turpin*, 518 U.S. 651 (1996)).  The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court.  § 2244(b)(3)(A).  A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b).

*Felker*, 518 U.S. at 657 (citing § 2244(b)(3)(c); §§ 2244(b)(3)(B), (D)).  To be considered "successive," the second or subsequent petition must be an attack on the same conviction attacked

---

> *Carolina*, 2:99-cv-3224-JFA, Doc. 11 (D.S.C. Mar. 6, 2000); *Joseph v. South Carolina*, 2:02-cv-3908-JFA, Doc. 12, (D.S.C. Mar. 11, 2003); *Joseph v. South Carolina*, 8:14-cv-4100-RMG, Doc. 18 (D.S.C. Dec. 29, 2014).  An individual may not file a second or successive petition for writ of habeas corpus under § 2254 without first receiving permission to do so from the appropriate circuit court of appeals. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997).  There is no showing Petitioner obtained authorization from the Fourth Circuit Court of Appeals to file this successive habeas petition.  As such, the Court is without jurisdiction to hear the petition.

*Joseph v. Wallace*, C/A No. 8:22-cv-3282-RMG, 2022 WL 16638342, at *1 (D.S.C. Nov. 2, 2022), *appeal dismissed,* No. 22-7379, 2023 WL 3144561 (4th Cir. Apr. 28, 2023).

in the first petition, and the first petition must have been adjudicated on the merits. *See In re Williams*, 444 F.3d 233, 236 (4th Cir. 2006). Here, the petition at case number 3:93-cv-2602 was dismissed on the merits, making the present Petition, which attacks the same conviction, successive for purposes of 28 U.S.C. § 2244(b).

Section 28 U.S.C. § 2244(b)(2) provides that in some circumstances a petitioner may bring a second or successive § 2254 action. That statute permits a court of appeals to determine whether to authorize a successive petition. Thus, the United States Court of Appeals for the Fourth Circuit—not this District Court—is the proper tribunal to decide whether to authorize a successive § 2254. *See United States v. Winestock*, 340 F.3d 200, 205–06 (4th Cir. 2003). Petitioner has not alleged facts showing he has received authorization from the Fourth Circuit Court of Appeals to bring a successive § 2254 Petition.[7] Because it appears that Petitioner did not obtain authorization from the Fourth Circuit to file the instant Petition, this Court does not have jurisdiction to consider it. *Id.*

## CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that this action be **DISMISSED** without prejudice and without requiring the Respondent to file an answer or return.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

February 23, 2026
Greenville, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

---

[7] Indeed, Petitioner has on numerous occasions sought from the Fourth Circuit an order authorizing a second or successive application for relief under § 2254, but the Fourth Circuit has denied Petitioner's motions. *See, e.g., In re: Marcus A. Joseph*, No. 21-121, Doc. 4 (4th Cir. Feb. 23, 2021); *In re: Marcus Albinus Joseph*, No. 25-109, Doc. 5 (4th Cir. Feb. 5, 2025); *In re: Marcus Albinus Joseph*, No. 25-132, Doc. 4 (4th Cir. Apr. 3, 2025); *In re: Marcus Albinus Joseph*, No. 25-162, Doc. 4 (4th Cir. Jul. 14, 2025).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).