**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Marcus Albinus Joseph, | Case No. 8:26-693-RMG |
| Petitioner, | |
| v. | |
| | **ORDER** |
| Warden T. Wallace, | |
| Respondent. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 8) recommending that this habeas petition be dismissed without prejudice and without requiring the Respondent to file an answer or return because this is a successive habeas petition and Petitioner has not obtained the authorization of the Court of Appeals to file a successive petition. (Dkt. No. 8). Petitioner was advised that he had 14 days to file written objections to the R & R and a failure to timely submit objections would result in limited clear error review and a waiver of the right to appeal the District Court's order. (*Id*. a 6). No timely objections have been filed.

## I.  Background

Petitioner is presently incarcerated at Kirkland Correctional Institution of the South Carolina Department of Corrections. He is serving a life sentence after being convicted of murder. Petitioner filed his petition pursuant to 28 U.S.C. § 2241 and indicated that he was being held improperly on an immigration detainer. The Magistrate Judge determined that there is no immigration proceeding involved with Petitioner and that Petitioner submitted his petition under § 2241 in "an effort to bypass the successive bar" under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). (Dkt. No. 8 at 5). The Magistrate Judge determined that the proper

1

statutory basis for Petitioner's habeas petition is § 2254 and that his present petition is barred as successive since Petitioner has not first obtained authorization from the Court of Appeals to file a successive petition. The Magistrate Judge noted this is Petitioner's seventh habeas petition challenging his state court conviction since 1994 and that Petitioner has been repeatedly advised by this Court that he needs authorization from the Court of Appeals to submit a successive petition. (*Id*. at 6).

## II.    Legal Standards

### A. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the

Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### III.   Discussion

The Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that this petition should be construed as a petition under § 2254 and that it is barred as an unauthorized successive petition.

### Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 8) as the Order of the Court and **DISMISSES** this petition without requiring the Respondent to file an answer or return.

### Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676,683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

 

 

 s/ Richard Mark Gergel
_____

Richard Mark Gergel
United States District Judge

March 17, 2026
Charleston, South Carolina